# IN THE COURT OF CRIMINAL APPEALS OF TENNESSEE

## AT NASHVILLE

### AUGUST 1998 SESSION

FILED

October 7, 1998

Cecil W. Crowson
Appellate Court Clerk

STATE OF TENNESSEE,              )
                                 )    NO. 01C01-9710-CR-00498
        Appellee,                )
                                 )    DAVIDSON COUNTY
VS.                              )
                                 )    HON. CHERYL BLACKBURN,
MICHAEL W. ORMAN,               )    JUDGE
                                 )
        Appellant                )    (Sentencing)


<u>FOR THE APPELLANT</u>:

**THOMAS F. BLOOM**
500 Church Street, 5th Floor
Nashville, Tennessee 37219

<u>FOR THE APPELLEE</u>:

**JOHN KNOX WALKUP**
Attorney General and Reporter

**TIMOTHY BEHAN**
Assistant Attorney General
Cordell Hull Building, 2nd Floor
425 Fifth Avenue North
Nashville, TN  37243-0493

**VICTOR S. JOHNSON III**
District Attorney General

**ROGER D. MOORE**
Assistant District Attorney General
Washington Square - Suite 500
222 Second Avenue North
Nashville, Tennessee 37021-1649


**OPINION FILED:** _____


**AFFIRMED**


**JOE G. RILEY,**
**JUDGE**

**OPINION**

The defendant was found guilty by a Davidson County jury of burglary and theft of property over $1,000. The trial court sentenced defendant to Range II sentences of six years on each count and ordered them served consecutively for an effective twelve-year sentence. The defendant contends that the trial court erred in finding and weighing the enhancement and mitigating factors and in ordering the sentences served consecutively instead of concurrently. After a thorough review of the record, we affirm the sentence as imposed.

**I**

At the time of sentencing defendant was self-employed having started a lawn care business after being released from a temporary position with Rand McNally Publishers. From this income, he supported one child and the child's mother. He asserted that the burglary and theft were impulsive acts motivated by a desire to provide necessities for his family; that he played a minor role in the commission of the offenses; and that he accepted full responsibility for his actions. His prior criminal record included four felony and at least two misdemeanor convictions dating back to 1989. The defendant was still on probation for one of the felony convictions at the time of commission of the present offense.

The state essentially argued that there should be no mitigation of the defendant's sentence in light of defendant's history of criminal convictions and behavior in combination with a history of non-compliance with conditions for release in the community.

The trial court correctly noted that T.C.A. § 40-35-210 directs trial judges to consider: (1) evidence at the trial and the sentencing hearing; (2) the pre-sentence report and addendums; (3) principles of sentencing; (3) arguments; (4) the nature and characteristics of the crime; (5) any enhancing or mitigating factors; and (6) the statement of the defendant.

In each count the court found four statutory enhancement factors applicable to the defendant: (1) a previous history of criminal convictions or behavior in

2

addition to those necessary to establish the appropriate range; (2) he was a leader in the commission of an offense involving two or more actors; (8) a previous history of unwillingness to comply with the conditions of a sentence involving release in the community; and (13) he was on probation when the events of this case occurred. *See* T.C.A. § 40-35-114. The court gave very little weight to factor number (2).

In each count the court then considered the following mitigating factors: (1) defendant's conduct neither caused nor threatened serious bodily injury; and (13) defendant had letters of support from customers in his business and the testimony of his son's mother regarding his exemplary behavior toward his son. *See* T.C.A. § 40-35-113. The court gave little weight to factor number (13). The court specifically noted its rejection of other mitigating factors based on the proof and defendant's testimony at sentencing.

Based on these findings, the court enhanced the sentence to eight years and mitigated it back down to six years in each count, thus imposing a mid-range sentence for each conviction.

## II

Our review of the sentence imposed by the trial court is de novo, with a presumption that the determinations of the trial court are correct. T.C.A. § 40-35-401(d); State v. Byrd, 861 S.W.2d 377, 379 (Tenn. Crim. App. 1993). The presumption of correctness which attaches to the trial court's action is conditioned upon an affirmative showing in the record that the trial court considered the sentencing principles and all relevant facts and circumstances. State v. Ashby, 823 S.W.2d 166, 169 (Tenn 1991).

## III

In the instant case, it is absolutely clear from the record that the trial judge properly considered all appropriate sentencing principles and relevant facts and circumstances. With such an affirmative showing, the presumption of correctness attaches to the trial court's determinations.

3

In reviewing the record *de novo* with the attached presumption, this Court finds that the trial court properly applied both enhancement and mitigating factors and properly evaluated the relevant facts and circumstances in conjunction with the sentencing principles. Accordingly, this court will not disturb the six-year sentences received by the defendant.


## IV

In its determination that the sentences imposed should be served consecutively, the trial court made specific findings that the defendant's criminal activity was extensive, *see* T.C.A. § 40-35-115(b)(2); and that the current offenses were committed while the defendant was on probation for a felony. *See* T.C.A. § 40-35-115(b)(6). The trial court went on to examine the case in light of State v. Wilkerson, 905 S.W.2d 933 (Tenn. 1995). In doing so, it found the aggregate term of twelve years reasonably related to the severity of the offenses and was necessary to protect the public from further criminal conduct by the defendant. The sentences were ordered served consecutively.

A court may order sentences to run consecutively if the court finds by a preponderance of the evidence that the defendant is an offender whose record of criminal activity is extensive, or the defendant is sentenced for an offense committed while on probation. Tenn. Code Ann. § 40-35-115(b)(2),(6); *see also* State v. Black, 924 S.W.2d 912 (Tenn. Crim. App. 1995). Furthermore, the court is required to determine whether the consecutive sentences (1) are reasonably related to the severity of the offenses committed; (2) serve to protect the public from further criminal conduct by the offender; and (3) are congruent with general principles of sentencing. State v. Wilkerson, 905 S.W.2d at 939.

As noted previously, the trial court properly examined the sentencing statutes and sentencing principles. Thus, its determinations are entitled to a presumption of correctness. The imposition of consecutive sentences under these circumstances is proper.

4

## CONCLUSION

This is a classic case of a trial judge doing exactly what she was supposed to do. A thorough consideration of applicable statutes, principles, and relevant facts and circumstances was made in the course of making the findings that led to the imposition of the sentence. This decision is entitled to a presumption of correctness; we will not disturb it.

We affirm the trial court's imposition of six-year sentences for burglary and theft. We affirm the trial court's order that these sentences run consecutive to one another.

_____
**JOE G. RILEY, JUDGE**

**CONCUR:**

_____
**JOSEPH M. TIPTON**

_____
**THOMAS T. WOODALL**